UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/13

THE NEW YORK TIMES COMPANY and MARIA SACCHETTI,

Plaintiffs,

- against -

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Defendant.

**MEMORANDUM OPINION AND ORDER**

12 Civ. 8100 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. BACKGROUND

Following the Court's June 13, 2013 Opinion and Order granting summary judgment in Plaintiffs' favor, the Government attempted to file a timely notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A).[1] The Government waited until 4 p.m. on the date of the filing deadline to attempt to file the notice using the Court's Electronic Filing System ("ECF").[2] The Government

---

[1] *See* 8/27/13 Letter from Assistant U.S. Attorney ("AUSA") Cristine Irvin Phillips Letter to the Court ("8/27/13 Phillps Ltr.") at 1.

[2] *See* Declaration of AUSA Phillips ("Phillips Decl."), Ex. 1 to 8/27/13 Phillips Ltr., at 1.

learned of the filing failure ten days later when opposing counsel asked why it was not on the docket.[3] The Government now asks the Court to be excused from its failure to timely file its appeal.[4] For the following reasons, the Government's request is denied.

On June 13, 2013, the Court granted summary judgment in Plaintiffs' favor and ordered the United States Department of Homeland Security ("DHS") to disclose a list of certain convicted, but not deported, criminal aliens released by Immigrations and Customs Enforcement ("ICE").[5] Final judgment was entered on June 17, 2013. Pursuant to Rule 4(a)(1)(B), the Government had sixty to file a notice of appeal. On August 16, the last day, at approximately 4 p.m., the Government attempted to electronically file the notice on ECF.[6] The Government believed that the filing had been successful.[7] At 7:44 p.m. the same day, the Government also notified Plaintiffs' counsel of the filing and emailed a courtesy

---

[3] *See* 8/29/13 Letter from David E. McCraw, Counsel for Plaintiffs, to the Court ("8/29/13 McCraw Ltr."), at 3; Phillips Decl. at 1.

[4] *See* 8/27/13 Phillips Ltr. at 1.

[5] *See New York Times Co. v. Department of Homeland Sec.*, No. 12 Civ. 8100, 2013 WL 2952012, at *5 (S.D.N.Y. June 13, 2013).

[6] *See* Phillips Decl. at 1.

[7] *See id.*

copy of the notice.[8]

On August 26, 2013, Plaintiffs' counsel contacted the Government to ask why the notice was not on ECF.[9] The Government then realized that the notice had never been docketed.[10] The Government assumes the mistake is the result of either a technical glitch or a good faith human error, which it argues constitutes "excusable neglect."[11]

## II. APPLICABLE LAW AND STANDARD

Under Rule 6(b), where a deadline has passed, the court may grant an extension for a late action where the omission is "the result of excusable neglect."[12] Excusable neglect is an equitable concept that considers all relevant circumstances for a party's delay.[13] A court must balance four factors in deciding whether to

---

8 *See id.*

9 *See* 8/29/13 McCraw Ltr. at 3.

10 *See* Phillips Decl. at 1.

11 *See* Phillips Ltr. at 1. Nothing in the record indicates that the error was technical. *See* 9/10/13 Hearing Transcript ("9/13 Tr.") at 28:10-16. This Court contacted the Clerk of the Court who confirmed that ECF experienced no technical problems on August 16, 2013.

12 *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (quoting Fed. R. Civ. P. 6(b)).

13 *See id.* at 395; *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

grant such a request: (1) "the danger of prejudice to the [non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."[14]

The Second Circuit has found that the third factor — the reason for the delay, including whether it was within the movant's reasonable control — is the most important.[15] The other factors are relevant only in close cases.[16]

## III. DISCUSSION

Three of the four factors weigh in the Government's favor. *First*, Plaintiffs' counsel was not prejudiced, given that the Government emailed it a copy of the notice a few hours after its attempted filing.[17] *Second*, the Government's filing failure will result — at most — in a delay of only thirty days.[18] *Third*, both

---

14 *Pioneer*, 507 U.S. at 395.

15 *See Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004); *Silivanch*, 333 F.3d at 366 (citing *Pioneer*, 507 U.S. at 395).

16 *See Williams*, 391 F.3d at 411.

17 *See* Phillips Decl. at 1.

18 *See* 8/27/13 Phillps Ltr. at 1; Fed. R. App. P. 4(a)(5)(A)(ii) ("The district court may extend the time to file a notice of appeal if . . . regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.").

parties agree that the Government acted in good faith.[19]

The Court's predominant consideration, however, is the reason for the delay, particularly whether it was within the Government's control. It is undisputed that the Government failed to confirm that its filing was successful.[20] The Government routinely files on ECF and is well aware of the multiple confirmations that follow a successful filing.[21] *First*, the ECF system displays a confirmation page on the filer's computer screen showing that the filing is complete.[22] *Second*, the system sends an email notification of the filing to all attorneys on the case.[23] *Third*, in the case of a filing of a notice of appeal, the system sends an email notification to all counsel when the notice is transmitted to the Second Circuit.[24] The Government admits that it is well aware of these notifications, which are transmitted the day of

---

19 *See* 8/29/13 McCraw Ltr. at 3 ("The [Government's] error . . . was unfortunate and inadvertent, but not excusable.").

20 *See* 8/29/13 McCraw Ltr. at 3.

21 *See* 9/11/13 Letter from AUSA Phillips to the Court ("9/11/13 Phillps Ltr.") at 1-2; 9/13 Tr. at 8:15-16 (Phillips: "This was a complete fluke insofar as . . . myself, *who has filed these thing[s] many times*.") (emphasis added).

22 *See* ECF Filing Confirmation Page, Ex. 1 to 9/11/13 Letter from David E. McCraw to the Court ("9/11/13 McCraw Ltr.").

23 *See id.*

24 *See id.* at 1.

the filing, "as quickly as a minute later."[25] The Government, therefore, missed at least three red flags that would indicate a filing failure.[26]

The ECF Rules state no less than four times that: "It remains the duty of Filing and Receiving Users to review the docket report."[27] Because the Government waited until the eleventh hour to file, it left no time to correct its error. Everything, from the filing failure to the failure to notice the error, was "'within the reasonable control of the [Government].'"[28]

I realize that the Government's error was inadvertent and that denial of its request might therefore seem unduly harsh. But filing deadlines must be consistently enforced for the greater good. There is no exception for a filer's carelessness, especially where the filer is a Government attorney. The Second Circuit has held that even *pro se* appellants who inadvertently miss filing deadlines

---

[25] 9/11/13 Phillips Ltr. at 1. The Government alleges that notifications of transmission to the Second Circuit usually occur within minutes of a filing, but "slightly less frequently" occur between one and six days after the filing. *Id.*

[26] While Phillips alleges that she has never filed a notice of appeal before, the S.D.N.Y. docket reveals that she has been an attorney of record as an appellee in several cases. Thus, she would be familiar with the notification process.

[27] *See* 9/11/13 McCraw Ltr. at 2 (quoting E.C.F.R. §§ 9, 10, 13, and 19.6).

[28] *See* 8/29/13 McCraw Ltr. at 3 (quoting *Silivanch*, 333 F.3d at 366).

do not receive the benefit of excusable neglect.[29] Certainly, the Government should not be entitled to greater leniency, especially where it failed to follow the "clear dictates of a court rule."[30] The Second Circuit has held that excusable neglect is never met by a party's failure to read or comprehend a court rule, whether federal or local.[31] The Government violated sections 9, 10, 13, and 19.6 of the SDNY ECF Rules, all of which require the filer to check the docket.[32] Here, the Government's error delays the Court-ordered release of information the Court has found to be of public interest.[33] While unfortunate and inadvertent, the error is not excusable.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion to file a late notice of appeal is hereby denied.

---

29 *See Dennett v. CIA*, 252 Fed. Appx. 343, 344 (2d Cir. 2007) (finding no excusable neglect where a party mailed a notice to the wrong address on the filing deadline date).

30 *Silivanch*, 333 F.3d at 366-67.

31 *See Canfield v. Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (recognizing the Local Rules of the Northern District of New York as court rules).

32 While technically not a court rule under 28 U.S.C. § 2071, the ECF Rules were promulgated by the Court on December 1, 2003, and amended most recently on May 22, 2013.

33 *See New York Times Co.*, 2013 WL 2952012, at *5.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
September 13, 2013

## - Appearances -

**For Plaintiffs:**

David Edward McCraw, Esq.
Stephen Nathaniel Gikow, Esq.
The New York Times Company
620 Eighth Avenue
New York, NY 10018
(212) 556-4031

**For Defendant:**

Cristine Irvin Phillips
Assistant U.S. Attorney
United States Attorney Office
Southern District of New York
86 Chambers Street
New York, NY 10007
(212) 637-2696